IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMIE D. BOWENS,

    Petitioner,

v().

DANIEL WINKLESKI, Warden,
New Lisbon Correctional Institution,

    Respondent.

OPINION AND ORDER

20-cv-417-wmc

Jamie Bowens, by counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to challenge his 2008 conviction in the Circuit Court for Milwaukee County for 1st degree intentional homicide and unlawful possession of a firearm. (Dkt. # 2.) As petitioner acknowledges, this conviction was the subject of a federal habeas petition adjudicated by the United States District Court for the Eastern District of Wisconsin, in which judgment was finally entered in favor of respondent on March 30, 2018. *Bowens v. Pollard*, No. 12-cv-68, 2018 WL 1568888 (E.D. Wis. March 29, 2018). In that petition, petitioner asserted five claims of ineffective assistance of trial and appellate counsel. The Eastern District determined that four of those claims were procedurally defaulted. Specifically, Claims Two, Three, and Five were defaulted because petitioner had failed to timely appeal the state circuit court's orders denying those claims and it was now too late to do so. *Id.*, 2018 WL 1568888 at *6. Claim Four -- which petitioner first raised in the circuit court in a motion for reconsideration -- was procedurally barred because the Wisconsin Court of Appeals denied the claim on adequate and independent state grounds, namely the rule of *State v. Escalona–Naranjo*, 185 Wis. 2d 168, 517 N.W. 157 (1994), which bars the raising of additional issues in a subsequent motion or appeal where those issues could have been raised previously. *Id.* at *7.

Petitioner, who was represented by different counsel in that proceeding, did not appeal the Eastern District's final order denying his application for federal habeas relief. Unhappy with his past lawyer's representation, petitioner now attempts more than one year later to seek relief from this court. Although acknowledging that 28 U.S.C. § 2244(b) requires permission from the court of appeals before a petitioner may file a second or successive petition in the district court, petitioner argues that the petition is not successive because the Eastern District's decision found that four of the five claims raised in the petition were barred on grounds of procedural default. According to petitioner, because the claims were found to be procedurally defaulted, the district court did not adjudicate them on the merits, and therefore the petitioner does not qualify as "successive."

Petitioner is incorrect. A petition is not successive if the previous petition was "dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). However, if the previous petition was "resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b)." *Altman*, 337 F.3d at 766 (quoting *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)). Petitions denied based on a procedural default "do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." *Altman*, 337 F.3d at 766.

Here, petitioner cannot cure the defects that led to the Eastern District's findings of procedural default. He cannot return to state court and timely appeal the circuit court's orders denying Claims Two, Three, and Five, because his deadline for filing an appeal expired long ago. And he cannot cure the Wisconsin Court of Appeals' conclusion that his late-raised Claim Four was barred under state law because he had failed to raise it in his original post-conviction

motion. Accordingly, because his prior petition "counts," the instant petition must be dismissed for want of subject matter jurisdiction under 28 U.S.C. § 2244(b) as an unauthorized second or successive petition.

In the alternative, petitioner asks this court to reopen the time for filing an appeal of the Eastern District's final order under Fed. R. App. P. 4(a)(6)(A). Petitioner cites, and this court is aware of, no authority that would permit this court to extend the time for filing an appeal of a judgment entered by a different court. Petitioner must file that motion in the Eastern District of Wisconsin.

## ORDER

IT IS ORDERED that:

(1) Jamie Bowens' petition for a writ of habeas corpus is DISMISSED for want of jurisdiction under 28 U.S.C. § 2244(b); and

(2) His motion for reopening the time to appeal a final judgment of the Eastern District of Wisconsin is DENIED WITHOUT PREJUDICE as improperly filed in this district.

Entered this 8th day June, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge